**Antonio MARENO, Plaintiff,**

v.

**COUNTY OF WESTCHESTER, Defendant.**

**No. 91 Civ. 2560 (VLB).**

United States District Court, S.D. New York.

June 10, 1993.

Antonio Mareno, plaintiff pro se.

Marilyn J. Slaatten, County Atty., White Plains, NY, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

In this Age Discrimination in Employment suit brought pursuant to 29 U.S.C. § 621 *et seq.*, plaintiff alleges that the defendant County of Westchester (the "County") failed to hire him as an attorney because of age.

Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1337 and 1343. The County has moved for summary judgment dismissing the complaint pursuant to Fed.R.Civ.P. 56.

I grant the County's motion based on lack of evidence to support plaintiff's claims, and dismiss the complaint.

### II

Plaintiff claims that in April 1989, when he was 61 years of age, he applied for a position with the law department of the County in response to an advertisement. None of the 19 persons who applied at the time were interviewed or hired, and the County placed similar advertising in June 1989. Most of the jobs open for lawyers seeking to work for the County law department are at the entry level; the County recruits from law schools as well as through advertising, and it utilizes outside law firms to conduct much of its legal business.

The United States Equal Opportunity Commission conducted an investigation of plaintiff's complaint and filed a report, of which a copy is attached to this memorandum order as Exhibit A. None of the findings of the Commission has been controverted; consequently I accept them for purposes of the present motion. The Commission found that during the relevant time frame the County law department "hired many attorneys over forty years of age," who were still employed there, including one who was hired at age 59. The Commission further found that at the time plaintiff's complaint was brought approximately 27% of the respondent's law department employees were over 40 years of age.[1]

No significant evidence of discrimination has been produced. I find plaintiff's claims "implausible," see *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and unsupported. The clerk is directed to close this case.

SO ORDERED.

---

1. By memorandum order dated February 11, 1993 I directed the County to respond to discovery requests of plaintiff made prior to that date, and indicated that an adverse inference might be drawn, if appropriate, from failure to do so. While plaintiff asserts that not all materials requested have been furnished, no unproduced documentation would appear to be of significant relevance to the case.

Plaintiff sought resumes of numerous other applicants, with no indication that these could contradict the findings of the Equal Employment Opportunity Commission. He also sought statistics relating to monies expended for County legal activities and for outside counsel.

Since I do not find that such information would alter the outcome of the present motion, I need not consider the County's argument that plaintiff's requests were untimely.